UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| BLANCO GmbH + CO.KG, | ) | C.A. No: 0:15-cv-2199-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Vito Antonio Laera and Suzette LeFebvre, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on a Motion to Dismiss (ECF No. 10) filed by Defendant Suzette LeFebvre pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiff filed a memorandum in opposition to the motion and LeFebvre replied. (ECF Nos. 14, 15.) The motion is now ripe for disposition and, as set forth below, the motion is denied.

This lawsuit primarily involves the enforcement of a judgment that Plaintiff alleges it obtained against Laera in a lawsuit in the Southern District of Florida captioned *BLANCO GmbH + CO.KG v. Vlanco Industries, LLC, G-Tech-1, Inc., and Vito Antonio Laera*, C.A. No. 0:12-cv-61580-JAL. (ECF No. 1.) Specifically, Plaintiff presently seeks a declaratory judgment as to the validity of an allegedly fraudulent conveyance of a parcel of real property that it asserts is encumbered by the judgment, in addition to seeking damages for the allegedly fraudulent conveyance and foreclosure of the judgment lien. (*Id.*)

In the instant motion, LeFebvre asserts this Court lacks subject matter jurisdiction over these claims. She first argues that the Court cannot take up this matter pursuant to the domestic relations exception to diversity jurisdiction as set forth in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) and *Wilkins v. Rogers*, 581 F.2d 399 (4th Cir. 1978). In support of her motion, LeFebvre alleges that the property against which Plaintiff seeks to enforce its lien was the subject of a family court divorce decree between Laera and LeFebvre and, therefore, this Court cannot

---

[1] The Court notes that at the time of the filing of this order, Defendant Vito Antonio Laera has not been served in this action.

exercise jurisdiction over the property. Further, LeFebvre urges that the exercise of federal jurisdiction in this case would, in effect, impermissibly serve as an appellate review of the family court's divorce decree pursuant to *Anderson v. Colorado*, 793 F.2d 262 (10th Cir. 1986). Conversely, Plaintiff contends that the domestic relations exception is not broad enough to bar jurisdiction over the claims set forth in its complaint.

The domestic relations exception to federal subject matter jurisdiction is based on the policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack. *See Ankenbrandt,* 504 U.S. 689. However, both the Supreme Court and the Fourth Circuit have explained that the exception affords narrow application.

In an instructional and significant decision, the Supreme Court reversed a district court's dismissal of a child abuse claim brought by a mother on behalf of her children against her former husband in *Ankenbrandt*. The Court stated that the domestic relations exception "encompasses only cases involving issuance of a divorce, alimony, or child custody decree," and concluded that torts committed by a former spouse were outside this scope. *Id.* at 704. In comparison, the Fourth Circuit affirmed a district court's application of the doctrine when it abstained from considering the constitutionality of several South Carolina domestic relations statutes related to dower. *Wilkins*, 581 F.2d at 403. There, the application of the doctrine was deemed appropriate because "original jurisdiction of suits *primarily involving domestic relations* is improper, notwithstanding that the parties are residents of different states . . . ." *Id*. (emphasis added).

The Court has carefully considered the prevailing authorities and the memoranda submitted by the parties. After thorough review, the Court concludes that the domestic relations exception is narrower than LeFebvre asserts. Under the facts presently before the Court, the exception does not divest the Court of subject matter jurisdiction as this case neither involves the "issuance of a divorce, alimony, or child custody decree," *Ankenbrandt,* 504 U.S. at 704, nor does it "primarily involve[e] domestic relations," *Wilkins*, 581 F.2d at 403. Further, the Court is not persuaded that the exercise of federal jurisdiction over the enforcement of this lien would

amount to an appellate review of the relevant family court order because the issue of whether or not the conveyance of property was fraudulent was not before the family court during the divorce proceedings.[2]

Therefore, LeFebvre's Motion to Dismiss (ECF No. 10) is hereby **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Chief United States District Judge

October 21, 2015
Columbia, South Carolina

---

[2] The Court observes that the conveyance of the subject property pursuant to the divorce decree was apparently premised upon the mutual agreement of the parties to that action, LeFebvre and Laera. In the present lawsuit, Plaintiff questions whether Defendants were, in fact, perpetrating fraud upon the family court by arranging for the court to order this conveyance. (*See* Pl.'s Mem.; ECF No. 14.)

3